ADDISON,
*January,*
1835.

BANK OF MIDDLEBURY *vs.* PHILIP C. TUCKER *et al.*

Under number nine of the judiciary act, if a note is over $100, but reduced by endorsements under that sum, the county court has jurisdiction.

This was an action in usual form on a note for $125, commenced in the county court. After asking oyer of the note, the defendants plead to the jurisdiction, on the ground that the note was reduced at the commencement of the suit, by successive payments, to within $100, and therefore within the jurisdiction of a justice of the peace. To this plea plaintiffs demurred and joinder. The demurrer was overruled, and the cause came here by appeal by the plaintiffs.

*Starr and Bushnell for plaintiffs.*—The declaration is on a note for $125, in *common form,* on which are *no endorsements.* Plea of defendants, that payments have been made on said note before suit commenced, which reduce the sum due on said note to less than $100, and therefore that the county court had not jurisdiction of the case; to which the plaintiffs demur.

The statute of 1823 (Rev. Stat. p. 140) enacts, "that from and after the passing of this act, a justice of the peace shall hear, try and determine all actions on book account, where the debit side of the plaintiff's book shall not exceed the sum of $100; and all actions on note, where it shall appear by the plaintiff's declaration, or the endorsement or endorsements on said note, that the sum due thereon does not exceed the said sum of $100." The statute gives the justice jurisdiction where the sum due on the note appears from the *plaintiff's declaration or the endorsements on the note,* to be less than $100. Otherwise the jurisdiction belongs to the county court. The jurisdiction is not made to depend *upon the pleadings subsequent to the declaration, or the proof,* other than the endorsements on the note. Would a plea to the jurisdiction of the county court in an action on book by defendant, that although the debit side of the plaintiff's book exceeded the sum of $100, there were credits on the plaintiff's book, or payments had been made by the defendant to apply on the plaintiff's account, which reduced the sum due the plaintiff to less than $100, *and a demurrer to the plea,* would the county court be ousted of their jurisdiction?

The county court and a justice of the peace have not a concurrent jurisdiction. The plaintiff's declaration or the endorsements on the note, showing the sum due the plaintiff to be less than $100,

ADDISON,
January,
1835.

Bank of
Middlebury
vs.
Tucker et al.

affords a *certain rule* to determine the jurisdiction. It is not to depend on the subsequent pleadings, or other proof than the endorsements on the note. *If so*, the rule of jurisdiction would be *an uncertain one.* The purpose of the statute would be defeated.

2. The words of the statute, *though affirmative*, as well in the first clause which relates to actions on book, as in the last clause relating to actions on notes, are in both to have also a *negative effect*, excluding the jurisdiction of the justice of peace when the debit side of the plaintiff's book exceeds $100, and in the latter case when it does not appear by the plaintiff's declaration or the endorsements on the note, that the sum due the plaintiff is less than $100.

3. A different construction renders the act of 1823 entirely nugatory, and leaves the jurisdiction of the justice of peace and county court as it was under the act of 1821. See Rev. Stat. p. 139.

*P. C. Tucker for defendants.*—The defendants contend that this case is clearly within the jurisdiction of a justice of the peace, and that all which is sought in the plaintiff's declaration might have been so presented, that the merits of the cause could and ought to have been tried by such magistrate. It is indeed true that the declaration of the plaintiff is, *prima facie*, for a sum within the jurisdiction of the county court, and beyond that of a justice of the peace. The defendants' plea, however, rests upon the fact, that by *payments* the note is reduced within the jurisdiction of a justice of the peace, and the plaintiffs by this demurrer admit the truth of that plea.

It was shown by the oyer given, that the payments thus admitted by the plaintiffs' demurrer to have been made were not endorsed upon the note. The admission, however, by the pleadings, that they were *made*, is to every intent as certain as if they had been recited in the plaintiffs' declaration, or endorsed upon the back of the note. The right of a plaintiff to receive money as payment upon a promissory note, and to neglect or refuse its endorsement is contrary to every principle of law and equity. It would be, in effect, to give the plaintiff the power of taxing the defendant with a county court bill of cost, when the law subjected him to that only which could arise before a justice of the peace, in every case existing under circumstances like the present.—Com. Stat. pp. 139–40. There is no concurrent jurisdiction in the county and justice courts. That which can originally be tried in one cannot as original case be heard before the other.—Com. Stat.

19

ADDISON,
January,
1835.

Bank of
Middlebury
vs.
Tucker et al.

119–91.   The case is within the principle of *Southwick et al.* vs. *Merrill*, 3 Vt. Rep. 320, and *Bates* vs. *Downer*, 4 Vt. Rep. 178.

The opinion of the court was delivered by

MATTOCKS, J.—This was an action on note for $125, commenced before the county court, and a plea to the jurisdiction because "the note which is the foundation of this action has by payment been reduced within the sum of $100," and therefore was within the jurisdiction of a justice; to which the plaintiffs demur.

The justice act, No. 1, authorizes a justice to determine "on all specialties, notes of hand, and settled accounts, not exceeding the sum of $53. Upon this act it was doubted, and there were different decisions upon the question, whether, if the face of the note was over that sum, and reduced below by endorsement, the county court or a justice had the jurisdiction; which occasioned the act No. 3, authorizing a justice to determine any action on note given for more than $53, "if it shall appear from the plaintiff's declaration, or from the endorsement or endorsements on such note, that the sum remaining due thereon does not exceed $53." Then comes act No. 9, which enlarged the jurisdiction of a justice to $100, "when the debt or other demand does not exceed $100." Under this phraseology, which made no distinction between notes and other demands, the old dispute under No. 1 was revived. Although the wording of the acts was not alike, yet the controversy was the same, whether the face of the note, or the sum due after deducting the amount of the endorsements was the criterion of jurisdiction. Last came No. 10, which settled another point in controversy, by virtually compelling the lawyers to bring actions of book before the county court, for a balance however trifling, when the debit side (including by construction of the act the interest on that side,) happens to be over $100. Then the act says as in No. 3, before quoted, except that $100 is substituted for $53. These acts, viewed in connection with the judicial history of this subject, which we have a right to take notice of, amount to a plain and repeated legislative declaration, that the jurisdiction of justices on a note is to be governed by what shall appear to be due by the whole note itself; that a note, whether with or without endorsements, is to be computed upon the question of jurisdiction, as the clerk would make up the sum on default; and so it has been understood and practised since the passing of the acts. But if the debtor has paid a part without taking the precaution to have it endorsed, he has only to tender the balance, and the plaintiff would

proceed at his peril. It is to be understood, that the question of jurisdiction on note and on book, which has called out the acts of the legislature as mentioned, is distinct and different from what is meant by " debt or matter in demand." That question has been discussed in several reported cases, and this judgment is not intended to infringe any of those decisions.

ADDISON,<br>January,<br>1835.<br>Bank of<br>Middlebury<br>vs<br>Tucker et al.

Judgment of county court reversed.